# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 25, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \*

GAYLE FOSHEE-NAUGHTON,      \*      No. 17-1366V

                                  \*      Special Master Sanders

       Petitioner,            \*

                                    \*

v.                                \*

                                    \*

SECRETARY OF HEALTH       \*      Attorneys' Fees and Costs

AND HUMAN SERVICES,       \*

                                    \*

         Respondent.         \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Paul R. Brazil, Muller Brazil, LLP, Dresher, PA for Petitioner.
Sarah C. Duncan, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

        On September 28, 2017, Gayle Foshee-Naughton ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). The petition alleged that the pneumococcal conjugate vaccine ("PCV13") petitioner received on December 5, 2016, caused her to suffer from a Shoulder Injury Related to Vaccine Administration ("SIRVA"). On February 22, 2019, the parties filed a stipulation for award, which the undersigned adopted as her Decision awarding damages on February 25, 2019. ECF No. 32.

        On March 22, 2019, petitioner filed an application for attorneys' fees and costs. ECF No.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

37 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $8,018.38 (representing $7,623.40 in fees and $394.98 in costs). Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants that she has not incurred any costs related to the prosecution of her petition. *Id*. Respondent responded to the motion on April 3, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3 (ECF No. 38). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to

reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at \*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioner requests that her counsel, Mr. Paul Brazil, be compensated at $300.00 per hour for work performed in 2017 and $317.00 per hour for work performed in 2018-2019. Fees App. at 1. Petitioner also requests that various paralegals who performed work on this case be compensated at $125.00 to $150.00 per hour, depending on the year the work was performed in and the paralegal. *Id.* The rates petitioner is requesting for Mr. Brazil are consistent with what he has previously been awarded for his work in the Vaccine Program. *See Prestia v. Sec'y of Health & Human Servs.*, No. 17-13V, 2019 WL 2158835, at \*2-3 (Fed. Cl. Spec. Mstr. Apr. 25, 2019). However, $150.00 per hour for paralegal work in 2018 exceeds what Muller Brazil LLP paralegals have previously been awarded, and the undersigned will compensate that work at $125.00 per hour. *See Silver v. Sec'y of Health & Human Servs.*, No.17-1204V, 2019 WL 2158875, at \*2 (Fed. Cl. Spec. Mstr. Apr. 30, 2019). This results in a reduction of **$120.00**.[4]

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, the undersigned finds the billed hours (40.1) to be mostly reasonable. However, a reduction to paralegal hours billed must be made due to several instances in which paralegals overbilled for filing documents and for reviewing CMECF generated notices of filings just made by petitioner. *See generally* Fees App. (billing entries on 1/18/18, 1/19/18, 3/6/18,

---

[3] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] 4.8 paralegal hours billed in 2018 at $150.00 \* $25.00 reduction = $120.00.

7/20/18, 8/17/18. Accordingly, the undersigned will reduce the paralegal hours billed by 5%, resulting in a reduction of **$173.00.**[5] Petitioner is therefore awarded final attorneys' fees of **$7,330.40**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $394.98 in attorneys' costs. Fees App. at 2. This amount consists of acquiring medical records, postage costs, and a process server fee for a subpoena. Petitioner has provided adequate documentation for these costs except for an entry titled "Bactes – Dr. Svetlana Enman Records paid online" in the amount of $12.59. Fees App. at 13. Because petitioner has not provided a receipt or invoice as proof of this cost, it will not be compensated. Petitioner is thus entitled to final attorneys' costs of **$382.39**.

## II.    Conclusion

Based on all the above, the undersigned finds that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $7,623.40 |
| (Reduction to Fees) | - ($293.00) |
| **Total Attorneys' Fees Awarded** | **$7,330.40** |
| | |
| Attorneys' Costs Requested | $394.98 |
| (Reduction of Costs) | - ($12.59) |
| **Total Attorneys' Costs Awarded** | **$382.39** |
| | |
| **Total Attorneys' Fees and Costs** | **$7,712.79** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions noted above, is reasonable. **Accordingly, the undersigned awards the following:**

1) **A lump sum in the amount of $7,712.79, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Paul Brazil.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[6]

---

[5] ($3,580.00 billed by paralegals - $120.00 rate reduction) * 0.05 = $173.00.

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master
